**DAVIS, Agent, v. BROOKS SUPPLY CO.**
**(No. 756.)**

(Court of Civil Appeals of Texas. Beaumont. Feb. 13, 1922. Rehearing Denied April 12, 1922.)

Carriers ⚖185(1)—Delivering carrier held liable for shortage in interstate shipment on failure to show lawful excuse.

Under U. S. Comp. St. § 8604dd, providing that, if a carrier fails or refuses to deliver goods on demand by the consignee when payment of charges and the bill of lading is offered, the burden is on the carrier to establish a lawful excuse, the last carrier in a series of carriers, on surrender of a bill of lading and payment of the charges by the consignee, was liable for loss of goods shipped, on failure to show a lawful excuse, though the consignee did not show on which line of the several carriers the loss occurred, regardless of section 8604a, making the initial carrier liable.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by the Brooks Supply Company against James C. Davis, Agent and Director General of Railroads. From judgment for plaintiff, defendant appeals. Affirmed.

F. J. & C. T. Duff, of Beaumont, for appellant.

Bowers & McCall and A. L. Shaw, all of Beaumont, for appellee.

HIGHTOWER, C. J. This is an appeal from a judgment of the county court of Jefferson county, against appellant, James C. Davis, in his capacity as Agent and Director General of Railroads, in favor of the appellee, Brooks Supply Company, for $120, with 6 per cent. interest from date of the judgment. The case was tried upon an agreed statement of facts, which was as follows:

"(1) Plaintiff (appellee), by its original petition, alleged that on October 15, 1919, there was a shipment of oil-well supplies contained in ML&T car 21208, which was delivered to the Director General of Railroads, operating the Sunset Railway Company at Kerto, Cal.; that said shipment was consigned to the Brooks Supply Company at Beaumont, Tex.; that on the delivery of the shipment to the consignee at Beaumont there was missing from the car one swivel hook, one slide tong, one star blower, two foot valves, one hose nozzle, and one goose neck coupling of the aggregate value of $120.20. Plaintiff prayed judgment against the Director General of Railroads operating the Texas & New Orleans Railroad Company for the value of the supplies which were short. The defendant, Director General of Railroads, answered by general demurrer and general denial, and specially answering, alleged that the shipment was an interstate shipment of freight, and that the federal laws applied and not the state laws, and more especially the law passed by the federal Congress to regulate interstate commerce and fixing the liability of common carriers engaged in interstate commerce; that the shipment in question originated on the Sunset Railway Company's lines, moved over several lines to the line of the Texas & New Orleans Railway Company, which was the delivering carrier; that all of the roads are operated by the United States Railroad Administration and were engaged in interstate commerce.

"(2) The following facts were proven:

"That on October 15, 1919, a shipment of oil well supplies, contained in ML&T car No.

21208, delivered to the Sunset Railway Company at Kerto, Cal., consigned to the Brooks Supply Company at Beaumont, Tex.

"That said shipment was routed and the car moved over the Sunset Railway Company, the Galveston, Harrisburg & San Antonio Railway Company and the Texas & New Orleans Railway Company to destination; that all of these roads at that time were being operated by the United States Railroad Administration, and the Texas & New Orleans Railroad Company was the delivering carrier.

"That said shipment was a through shipment of freight, a through bill of lading for which was issued by the Sunset Railway Company.

"That upon the delivery of the car to the consignee at Beaumont, there was missing from the shipment the several articles above mentioned, the aggregate value of which was $120.20.

"That notice of claim was properly filed by the Brooks Supply Company.

"(3) That the following issue of law is involved in this case:

"This being an interstate shipment of freight which moved over more than one line of railroad. and there being no testimony as to where the loss occurred, is the burden on the delivering carrier to show that the loss did not occur while the shipment was in its hands, or is the burden on the plaintiff, who sues the delivering carrier, to show that the loss occurred while the shipment was in the possession of the delivering carrier?

"We agree that this case, upon appeal, may be decided upon this agreed statement, in accordance with the provisions of the statute, and determined accordingly."

It is contended by appellant that section 8604a, p. 1373, of the U. S. Compiled Statutes of 1918, Compact Edition, must control in determining its liability, upon the agreed facts of this case. That section, in so far as it is applicable here, reads as follows:

"Any common carrier, railroad, or transportation company subject to the provisions of this act receiving property for transportation from a point in one state or territory or the District of Columbia to a point in another state, territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable, to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading, and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier, railroad, or transportation company so receiving property for transportation from a point in one state, territory, or the District of Columbia to a point in another state or territory, or from a point in a state or territory to a point in the District of Columbia, or from any point in the United States to a point in an adjacent foreign country, or for transportation wholly within a territory shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it or by any such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading. * * *"

It is appellant's contention, in substance, that under this section, and upon the agreed statement of facts in this case, the liability of the initial carrier, the Sunset Railroad Company, was complete and absolute, regardless of where the loss in this instance occurred, and that, the appellee having brought his suit against the delivering carrier only, it was incumbent upon appellee, before being entitled to judgment against appellant to prove that the loss occurred upon appellant's railroad.

It is appellee's contention that it was incumbent upon appellant, the delivering carrier, in order to defeat liability, to establish a lawful excuse for its failure and refusal to deliver the missing articles of the shipment in compliance with the demand of appellee, the consignee, who was the legal holder of the bill of lading, and especially so after appellant had acknowledged receipt of the shipment by issuing and delivering to appellee a freight bill and receiving payment for the entire charge on the shipment, as it was shown to have done in this case. Appellee's counter proposition on the point is as follows:

"On the interstate shipment, the delivering carrier is liable for all damages that may occur by failing to deliver the goods to the consignee or holder of the bill, unless it establishes a lawful excuse for such failure, on demand."

The bill of lading under which the shipment in question moved contained no limitations as to liability of either of the carriers over whose line the same moved; that is to say, there was no provision in the bill that the liability of either of the companies would be limited to a loss or damage occurring upon its own line. It is undisputed that, as shown by the agreed statement above, some of the articles comprising the shipment and being of the aggregate value of $120.20 were not delivered by the Texas & New Orleans Railroad Company or Director General of that road to appellee, after due and proper demand had been made for the same, and no excuse or reason was shown by appellant or offered or attempted to be shown for its failure or refusal to make such delivery to appellee or as to where the loss of the articles occurred.

Section 8604dd, United States Compiled Statutes 1918 (Compact Edition) p. 1374, reads as follows:

"A carrier, in the absence of some lawful excuse, is bound to deliver goods upon a demand made either by the consignee named in the bill for the goods or, if the bill is an order bill, by the holder thereof, if such a demand is accompanied by—

"(a) An offer in good faith to satisfy the carrier's lawful lien upon the goods;

"(b) Possession of the bill of lading and an offer in good faith to surrender, properly indorsed, the bill which was issued for the goods, if the bill is an order bill; and

"(c) A readiness and willingness to sign, when the goods are delivered, an acknowledgment that they have been delivered, if such signature is requested by the carrier.

"In case the carrier refuses or fails to deliver the goods, in compliance with a demand by the consignee or holder so accompanied, the burden shall be upon the carrier to establish the existence of a lawful excuse for such refusal or failure."

Upon the undisputed facts in this case, the Texas & New Orleans Railroad Company was one of the connecting carriers, handling this shipment, and it was the delivering carrier and delivered the car containing the shipment to appellee at Beaumont, Tex., and appellee surrendered the bill of lading under which the shipment moved, and paid to appellant the freight charges due therefor. It is undisputed that the shipment was short to the extent of the value of $120.20, and upon appellee's demand, timely made, to appellant for the lost articles, appellant failed or refused to make such delivery. Under such undisputed facts, we think that under section 8604dd, above, the trial court was not in error in awarding judgment in favor of appellee, even though appellee did not show upon which line of the several carriers the loss occurred.

The judgment is therefore affirmed.

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes